UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BERNARION VANLEER,

    Plaintiff,

v.

WAYNE COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants,
_____/

Case No. 1:25-cv-10858

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

In March 2025, Plaintiff Bernarion VanLeer filed a *pro se* Complaint in the Western District of Michigan against eight Defendants, generally alleging that he was falsely arrested and imprisoned and subject to cruel and unusual punishment while confined. The Western District granted Plaintiff's application to proceed *in forma pauperis*, dismissed half of the Defendants under the Prisoner Litigation Reform Act (PLRA) screening requirements, and transferred all claims against the remaining Defendants to this Court, where venue is proper. Having conducted a second round of PLRA screening, this Court will *sua sponte* dismiss Plaintiff's Complaint for failure to state a claim.

I.

On March 11, 2025, Plaintiff Bernarion VanLeer filed a handwritten, *pro se* Complaint in the Western District of Michigan. *See* ECF No. 1. Plaintiff's allegations are aptly summarized by Magistrate Judge Sally J. Berens:

> Plaintiff indicates that he is currently residing in Detroit, Wayne County, Michigan. The events giving rise to Plaintiff's action occurred in Detroit, Michigan. Plaintiff sues [(1)] the MDOC, [(2)] the Wayne County Sheriff's Department, and [(3)] the

Detroit Police Department. Plaintiff also sues [(4)] Detroit Detention Center Warden Paul Schreiber and [(5)] Captain Russell J. Solano. Finally, Plaintiff sues the following personnel from the Michigan Correction Organization, which he asserts is based in Okemos, Michigan: [(6)] Raphael Goudy, [(7)] Alandy Murray, and [(8)] Rebecca Harris.

In his *pro se* complaint, Plaintiff alleges that on September 10, 2023, he was arrested by officers from the Detroit Police Department after his girlfriend lied and said that she had been assaulted by Plaintiff. ECF No. 1 at PageID.3. Plaintiff contends that the arrest was a set up to have him incarcerated so that his girlfriend could ["get [him] locked up" and] steal his money. *Id.* Plaintiff told the officers that he did not do anything, that he was on parole, and that if he went to jail his parole would be revoked and he would be sent back to prison. *Id.* Plaintiff was arrested anyway. *Id.*

When Plaintiff arrived at the Detroit Detention Center, he was placed in a wheelchair and wheeled to Building 500. *Id.* Plaintiff claims that five officers picked him up out of the wheelchair, carried him downstairs to a cell, and beat him. *Id.* Plaintiff contends that at the time of the assault, he had been asking for medical attention. *Id.*

Plaintiff alleges that the "fake charges for assault" were dismissed the next day, but that the MDOC still continued to hold him for a possible parole violation. *Id.* at PageID.4. Plaintiff remained at the Detroit Detention Center for three days with no food, shower, or medical attention. *Id.* Eventually, MDOC transport officers, as well as officers from the Detroit Police and the Wayne County Sheriff's Department, came to Plaintiff's cell, picked him up off the floor, and threw him into a wheelchair. *Id.* Plaintiff claims that he "bounce[d] off the back of the wheelchair" and hit the door with his face, neck, and shoulder before falling to the floor. *Id.* Plaintiff claims that he was left on the floor "in pain screaming for help and medical attention." *Id.*

An ambulance was finally called. *Id.* at PageID.5. Plaintiff claims, however, that when he told the ambulance personnel that he wanted to make a complaint, the MDOC transport officers said, "f your complaint" and carried Plaintiff head-first towards the transport van. *Id.* Plaintiff was thrown into the van and hit his head on the window, causing him to have a seizure. *Id.*

Based upon the foregoing, Plaintiff asserts excessive force, cruel and unusual punishment, false arrest and imprisonment, and malicious prosecution claims. *Id.*, PageID.6. Plaintiff asks for everyone involved to be punished, unspecified injunctive relief, and monetary compensation. *Id.*

*See* ECF No. 3; *VanLeer v. Wayne County Sheriff's Department, et. al.,* No. 1:25-cv-288, *3-5

(W.D. Mich. Mar. 25, 2025) (internal citations in original).

On March 25, 2025, Judge Berens issued a twofold order after granting Plaintiff's application to proceed *in forma pauperis* (IFP). *See* ECF No. 3 (March 25, 2025 Order of Partial Dismissal and Transfer). First, Judge Berens screened Plaintiff's *pro se* Complaint for frivolity as required by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2) and *sua sponte* dismissed all claims against Defendants MDOC, Goudy, Murray, and Harris. *Id.* Jude Berens reasoned that MDOC is immune under the Eleventh Amendment and explained that Plaintiff did not sufficiently allege Goudy, Murray, and Harris's personal involvement in any of his claims. *Id.* Second, with respect to the four remaining Defendants—(1) the Wayne County Sheriff's Office, (2) the Detroit Police Department ("Detroit PD"), (3) Warden Schreiber, and (4) Captain Solano— Judge Berens found that venue was improper and transferred the above-captioned case to the Eastern District. *Id.*

## II.

### A.

Proceeding IFP subjects Plaintiff's Complaint to the PLRA's screening requirement. *Winston v. Berger*, No. 1:23-CV-13024, 2023 WL 8602976, at *2 (E.D. Mich. Dec. 12, 2023) (collecting cases, noting this screening requirement "applies equally to both prisoner and non-prisoner plaintiffs"). Under the PLRA, district courts must screen prisoner and non-prisoner IFP complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on

'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28). A complaint fails to state a claim when its factual allegations—even when assumed true—do no "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

**B.**

All of Plaintiff's claims arise from 42 U.S.C. § 1983. *See* ECF No. 1. This statute allows private plaintiffs to sue for violations of their federal constitutional rights. But not just any defendant can violate this statute. In addition to proving the alleged underlying constitutional violation, a § 1983 plaintiff must also prove that the defendant was a "person" who committed the underlying constitutional violation while acting "under the color of law." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Although this inquiry is often straightforward when the defendant is a government official, it becomes more complicated when a § 1983 plaintiff sues a municipality or a government entity.

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipalities can be treated as "persons" subject to § 1983 liability in certain circumstances. But municipalities cannot be liable for § 1983 deprivations merely because they employ an individual who violates § 1983. *Id*. at 691. ("[A] municipality cannot be held liable under § 1983 on a respondent superior theory."). And a municipality cannot be liable if their officers commit no constitutional violation in the first place. *Roell v. Hamilton Cnty*., 870 F.3d 471, 487 (6th Cir. 2017). Instead, municipalities are only liable under *Monell* for their "official policies" that cause an employee to violate another's constitutional rights. *Monell*, 436 U.S. at 692.

Generally, there are four "avenues a plaintiff may take to prove the existence of a [defendant's] illegal policy or custom. The plaintiff can identify (1) the municipal defendant's legislative enactments or "on-the-books" policies; (2) actions taken by municipal officials with final decision-making authority; (3) the municipality's inadequate training or supervision; or (4) the municipality's custom or pattern of acquiescence in the face of federal constitutional violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). But, even when a plaintiff can show one of these four forms of "policies," a plaintiff must also "connect the policy to the municipality" and show that the policy caused the alleged constitutional deprivation. *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 404 (6th Cir. 2010) (emphasis added).

### III.

Plaintiff fails to state any viable claim against the remaining Defendants. Each Defendant's liability—or lack thereof—will be discussed in turn.

#### A. Defendant Wayne County Sheriff's Department

Start with Defendant Wayne County Sherriff's Department. A sheriff's department "is not a legal entity subject to suit." *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Indeed, a county sheriff's department is "simply an agency of the county," not a "separate legal entity." *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). So the real party in interest is Wayne County. But Plaintiff does not allege that any Wayne County official policy caused the constitutional violations he complains of. *See* ECF No. 1. So Plaintiff's *Monell* claims against this properly-construed Defendant must be dismissed. *See Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) (dismissing *Monell* claim when complaint did not allege a "single fact[] that

suggest[ed], plausibly or otherwise, that [the] alleged misconduct was the result of a custom, policy, or practice of" the municipal defendant).

### B. Defendant Detroit PD

The same result for Defendant Detroit PD. A city's police department is not a separate legal entity from the city—the real party in interest. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 772, n. 4 (6th Cir. 2017); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Pierzynowski v. Police Department City of Detroit*, 941 F. Supp. 633, 637, n. 4 (E.D. Mich. 1996). Thus, all claims against Detroit PD are properly construed against the city of Detroit. But Plaintiff's Complaint—even when liberally construed—does not contain any facts—even when assumed true—to suggest Detroit had any official policies, customs, or practices that caused Plaintiff's alleged constitutional violations. So all claims against this properly construed Defendant must be dismissed, too. *See Kovacs,* 687 F. App'x at 470.

### C. Defendants Solano and Schreiber

Next consider Defendants Captain Russell J. Solano and Warden Paul Schreiber. Although undoubtedly "persons" vested with the "color of law" who may, theoretically, be subject to § 1983 liability, all claims against these individual Defendants must be dismissed for lack of alleged personal involvement.

As a matter of common sense, a defendant cannot be liable for § 1983 violations that they do not commit, so plaintiffs must sufficiently allege that each defendant was personally involved in the alleged underlying constitutional deprivation. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983); *Palmer v. Lane*, 22 F. App'x 532, 533 (6th Cir. 2001). Although Plaintiff lists Captain Solano and Warden Schreiber as Defendants, ECF No. 1 at PageID.2, the substance of

Plaintiff's Complaint does not explain either Defendants' involvement in the alleged unconstitutional excessive force, false arrest and imprisonment, or malicious prosecution. *Id.* at PageID.3–5. "Absent such personal involvement, [Plaintiff] has no plausible claim against [these Defendants] under § 1983." *Pilot v. Snyder*, No. 15-13191, 2016 WL 6651847, at *2 (E.D. Mich. May 16, 2016), *report and recommendation adopted*, No. 15-13191, 2016 WL 3548218 (E.D. Mich. June 30, 2016), *aff'd*, No. 16-2044, 2017 WL 4014975 (6th Cir. May 11, 2017).

Because Plaintiff has not pleaded any viable claims against the remaining Defendants, his Complaint will be *sua sponte* dismissed. But, given the severity of Plaintiff's allegations of physical abuse, this dismissal will be without prejudice as to his ability to file another complaint that more clearly connects these allegations to specific individuals and/or municipal policies. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (noting the PLRA screening requirements "say nothing about whether a district court can allow a prisoner to amend his complaint," and remanding because the district court dismissed the prisoner's IFP complaint with prejudice and without an opportunity to amend).

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: April 3, 2025                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge